IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     Plaintiff,<br><br>     v.<br><br>[7] FRANCISCO EFREN MARIN-RODRÍGUEZ, A/K/A "Frank," "F," "El Viejo,"<br><br>     Defendant. | CRIMINAL NO.: 23-353 (GMM) |

**REPORT & RECOMMENDATION**

**I.     PROCEDURAL BACKGROUND**

On September 20, 2023, a grand jury returned an indictment against Mr. Francisco Efren Marín-Rodríguez ("Defendant") charging him with conspiracy to possess with intent to distribute controlled substances under 21 U.S.C. § 846; possession/distribution of heroin, cocaine base, cocaine, and marijuana under 21 U.S.C. § 841(a)(1); and possession of firearms in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). ECF No. 3 at 4, 13–15, 17, 19, 21. Pending before the court is Defendant's motion to suppress to which the United States of America ("the Government") subsequently filed a response in opposition. ECF Nos. 460, 469. Thereafter, Defendant replied. ECF No. 477 Defendant seeks to suppress the following evidence, arguing that principles of double jeopardy and collateral estoppel warrant suppression:

> 1) Glock 23, Cal. 40, BTEV940, ammo and clips; 2) 70 small plastic bags with alleged cocaine; 3) 5 plastic bags (6" x 6") with alleged crack cocaine; 4) 2 plastic bags with alleged rock cocaine; 5) 25 plastic containers with alleged cocaine; 6) 1 plastic bag (6" x 6") containing alleged marihuana; 7) 2 transparent flasks with alleged marihuana; and[] 8) [1 iP]hone 11.

ECF No. 460 at 2. Since the parties do not dispute any material facts, a suppression hearing was not held. For the reasons set forth below, Defendant's motion to suppress should be DENIED.

## II.   FACTUAL BACKGROUND[1]

On or about January 20, 2022, a state issued search warrant was executed against Defendant for the search of his vehicle and home in Manatí, Puerto Rico. ECF No. 460. at 1. As a result, Defendant was arrested, and the Puerto Rico Police Department ("PRPD") seized the following items:

> 1) Glock 23, Cal. 40, BTEV940, ammo and clips; 2) 70 small plastic bags with alleged cocaine; 3) 5 plastic bags (6" x 6") with alleged crack cocaine; 4) 2 plastic bags with alleged rock cocaine; 5) 25 plastic containers with alleged cocaine; 6) 1 plastic bag (6" x 6") containing alleged marihuana; 7) 2 transparent flasks with alleged marihuana; and[] 8) [1 iP]hone 11.

ECF No. 460 at 2. Defendant was later charged with violations of Puerto Rico's Controlled Substances Act under 24 L.P.R.A. § 2401(a)(1) and Weapons Act under 25 L.P.R.A. § 466g, 466u, before the Superior Court of Arecibo.[2] ECF No. 460 at 1.

On or around November 21, 2022, Defendant filed a motion to suppress evidence in the state-court proceedings, challenging the credibility of the PRPD agent whose sworn testimony was the basis for the search warrant earlier executed against Defendant. ECF No. 460 at 2. After a suppression hearing was held on or about December 12, 2022, the state court granted Defendant's motion to suppress, suppressing all the seized items listed above. ECF No. 460 at 2. Thereafter, on or about January 19, 2023, the state court ordered dismissal of the case. ECF No. 460 at 2 n.1. On September 20, 2023, a federal grand jury returned an indictment against 42

---

[1] The facts for the purpose of this Report & Recommendation are taken as alleged by Defendant.
[2] It is unclear whether Defendant was charged alongside others or alone by the authorities of the Commonwealth of Puerto Rico.

individuals, including Defendant, asserting the charges previously described at the inception of this report. ECF No. 3.

III. ANALYSIS

Defendant, citing to the U.S. Supreme Court's decision in *Puerto Rico v. Sánchez Valle*, 579 U.S. 59 (2016), argues that the state court's decision to suppress the evidence seized against him must be honored by the U.S. District Court for the District of Puerto Rico, and therefore his motion should be granted. ECF No. 460 at 3. The Government opposes, contending that the decision of the Puerto Rico state court is not binding on this court because neither double jeopardy nor collateral estoppel apply in this case. ECF No. 469 at 3.

A. **Whether the Supreme Court's decision in *Puerto Rico v. Sánchez Valle* is applicable.**

Defendant argues that this court is bound by the state court's decision to suppress the evidence against him because under *Sánchez Valle*, the prosecutorial authority of the Commonwealth of Puerto Rico emanates from the United States and thus, both the Puerto Rico Department of Justice and the U.S. Department of Justice are exercising power that derives from the same source. ECF No. 460 at 3–4. Thus, Defendant contends, not suppressing the evidence in the case at bar would expose him to double jeopardy. ECF No. 460 at 3–4. "*Sánchez Valle* is a double jeopardy case." *United States v. Santiago-Colón*, 917 F.3d 43, 56 (1st Cir. 2019). The Double Jeopardy Clause of the Fifth Amendment protects an individual from being prosecuted twice for the same offense if the prosecutions are brought by the same sovereign. *Id.* at 57 (citing *Sánchez Valle*, 579 U.S. at 66–67). In *Sánchez Valle*, the U.S. Supreme Court faced the issue of whether Puerto Rico and the United States were the same sovereign for purposes of the Double Jeopardy Clause, which would in turn determine whether the federal and Puerto Rico

governments were barred "from successively prosecuting a defendant on like charges for the same conduct." *Id.* (citing *Sánchez Valle*, 579 U.S. at 66).

The U.S. Supreme Court ultimately held that prosecutorial powers of the federal and Puerto Rico governments did not have independent origins because "the oldest roots of Puerto Rico's power to prosecute lie in federal soil." *Id.* (quoting *Sánchez Valle*, 579 U.S. at 62 (internal quotations omitted)). Put differently, "Congress conferred the authority to create the Puerto Rico Constitution, which in turn confers the authority to bring criminal charges." *Id.* (quoting *Sánchez Valle*, 579 U.S. at 76 (internal quotations omitted)). Because the prosecutorial authority of both the federal government and Puerto Rico emanates from a single source—Congress—the two are considered a single sovereign for double jeopardy purposes and "the two governments cannot 'twice put' [an individual] 'in jeopardy' for the 'same offen[s]e.'" *Id.* (quoting *Sánchez Valle*, 579 U.S. at 78 (internal quotations omitted)).

"A defendant's double jeopardy rights do not attach until [he] is put to trial," which "commences . . . 'when a jury is sworn or empanel[]ed.'" *United States v. Suazo*, 14 F.4th 70, 74 (1st Cir. 2021) (citing *United States v. Rosado-Cancel*, 917 F.3d 66, 68 (1st Cir. 2019), quoting *United States v. Bonilla Romero*, 836 F.2d 39, 42 (1st Cir. 1987)). Here, Defendant makes no mention of a trial at the state-level. To the contrary, Defendant explains that the state court case was ordered to be dismissed on January 19, 2023. ECF No. 460 at 2. Without more, Defendant has failed to articulate that a trial was ever held at the Superior Court of Arecibo. Thus, Defendant's double jeopardy rights were not violated simply because the state court ordered suppression of the evidence, and Defendant's reliance on *Sánchez Valle* is misguided. *Santiago-Colón*, 917 F.3d at 57 ("There is no doubt that double jeopardy concerns are not implicated in

this case. [Defendant's] local charges were dismissed before trial, and thus jeopardy never attached in the local courts.").

    **B. Whether principles of collateral estoppel warrant suppression.**

Based on collateral estoppel principles, Defendant argues that the Government is precluded from relitigating the suppression issue that was previously decided in state court. *See* ECF No. 477 at 3–4. Prior to the U.S. Supreme Court's *Sánchez Valle* decision, the Court of Appeals for the First Circuit had addressed analogous situations dealing with the issue of collateral estoppel as it relates to the suppression of evidence in a federal criminal prosecution after a court of the Commonwealth of Puerto Rico suppressed the same evidence in a prior state criminal prosecution. *United States v. Bonilla Romero*, 36 F.2d 39 (1st Cir. 1987). In *Bonilla Romero*, the First Circuit held that collateral estoppel requires that the federal prosecutors were a party or in privity with a party to the suppression hearing in the Puerto Rico Superior Court. *Id.* at 43.

*Sánchez Valle* did not change the concept of collateral estoppel. Reaffirming its holding in *Bonilla Romero*, the First Circuit found that "suppression of evidence by a Puerto Rico court does not require a federal court to suppress that same evidence unless federal prosecutors were a party, or were in privity with a party, to the suppression hearing in the Puerto Rico court." *Santiago-Colón*, 917 F.3d at 46 (citing *United States v. Bonilla Romero*, 36 F.2d 39, 43–44 (1st Cir. 1987). *Santiago-Colón* echoed the *Bonilla Romero* standard, concluding that "what determines if privity exists is whether there was 'a close or significant relationship between the federal and Puerto Rico prosecutors during the local suppression proceedings, or whether the federal authorities controlled or actively participated in those proceedings such that their interests

in enforcing federal law were sufficiently represented.'" *Id.* at 61 (quoting *Bonilla Romero*, 36 F.2d at 44 (internal alterations omitted)).

Defendant does not allege that the federal prosecutors were a party to the state proceedings, but claims that that federal and Puerto Rico prosecuting teams were in privity because they worked closely together throughout Defendant's case. ECF No. 477 at 3–4. In support of this contention, Defendant makes several arguments. First, it claims that "by the initial waiver of prosecution of defendant's case in the territorial federal court and referral to the local territorial court, the federal prosecutor waived the right to object to the suppression order issued by the local territorial court." ECF No. 477, at 4. This argument, however, does not hold water. Otherwise, every single time that prosecutors of the Commonwealth of Puerto Rico press charges, the mere fact that the federal prosecutors choose not to prosecute a case in the federal forum would automatically make them privy to all state proceedings, including suppression hearings. Such reasoning is untenable.[3]

Defendant also points to press releases or articles noting the cooperation between multiple federal agencies and the Puerto Rico Police Bureau in the investigation of the case at bar, prompting Defendant to characterize the authorities of Puerto Rico and the United States as "One Team involved in One Fight." ECF No. 477 at 3; *e.g.*, ECF No. 477-1 at 1.[4] Defendant also references documents supplied during discovery which indicate that the Department of Homeland Security worked alongside the Puerto Rico Police Bureau during multiple phases of the case's investigation. *See* ECF No. 477-2 at 2–4.  However, broad and vague allegations will

---

[3] Defendant also alludes to the fact that the federal authorities ordered the seizure and processing of Defendant's cell phone. ECF No. 477 at 4. Even if true, such circumstances do not in and of themselves suggest that the federal prosecutors were somehow calling the shots on how to handle the suppression motion in state court.

[4] There is at least one news article in Spanish that Defendant cites without submitting a certified translation in English. *See* https://www.elvocero.com/ley-y-orden/federal/v-deo-autoridades-federales-ofrecen-detalles-sobre-el-operativo-en-la-zona-norte-de-puerto/article_3767bf6c-5937-11ee-8327-6fbeb91363d4.html. The court cannot take into account untranslated documents that are not in English.

not carry the day for the Defendant. Collaboration during the investigation of a case prior to an indictment does not necessarily mean collaboration in the litigation in court of a criminal case. In addition, Defendant has never posited that the federal prosecutors were involved or participated in the decision-making process pertaining the motion to suppress litigated in the Superior Court of Arecibo. Although "[w]hether a party is virtually representative of a non-party is a question of fact to be determined on a case-by-case basis," *Bonilla Romero*, 36 F.2d at 43 (citation omitted), Defendant has not even raised a single, specific contention that would raise beyond the level of speculation what degree of control, influence, participation or relationship, if any at all, the federal prosecutors had in particular with the motion to suppress evidence ruled upon by the Superior Court of Arecibo. Therefore, Defendant's collateral estoppel argument cannot stand.

### C. Whether Defendant adequately makes a challenge under *Franks v. Delaware*.

Because both of Defendant's assertions described above fail and the evidence sought to be suppressed was seized pursuant to a search warrant, Defendant's only alternative is to make a challenge pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). A defendant is entitled to a suppression hearing under *Franks* if he makes a "substantial preliminary showing" that a false statement or omission in the affidavit in the warrant application "was made knowingly and intentionally or with reckless disregard for the truth" and that the false statement or omission was "necessary to the finding of probable cause." *United States v. Arias*, 848 F.3d 504, 511 (1st Cir. 2017) (quoting *United States v. McLellan*, 792 F.3d 200, 208 (1st Cir. 2015)). Once granted a hearing, the defendant is only entitled to the suppression of evidence obtained under the challenged warrant if he shows by a preponderance of the evidence both (1) "that an affidavit in [the] warrant application contains false statements or omissions, made intentionally or with reckless disregard for the truth," and (2) "that a finding of probable cause would not have been

7

made without those false statements or omissions[.]" *Id.* (citing *United States v. Tanguay*, 787 F.3d 44, 49 (1st Cir. 2015)). Although Defendant suggests that a *Franks*-like challenge was made during the suppression hearings in the Puerto Rico state court, he fails to develop any type of *Franks* argument in this case. Indeed, Defendant does not provide copies of the search warrant and affidavit in support thereof in any of his briefings. Accordingly, Defendant has failed to raise a *Franks* challenge.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to suppress (ECF No. 460) should be DENIED. Accordingly, the evidence detailed above should not be suppressed. The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); *see also* 28 U.S.C. § 636(b)(1); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir. 1994); *United States v. Valencia*, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 29th day of April, 2024.

s/Marcos E. López<br>U.S. Magistrate Judge