**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

United States of America,

Plaintiff,

v.

Francisco Efren Marin-Rodriguez [7],

Defendant.

**Criminal No. 23-353 (GMM)**

<u>**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**</u>

Before the Court is the United States Magistrate Judge Marcos E. López's *Report & Recommendation* ("R&R") (Docket No. 548) on Defendant Francisco Efren Marín-Rodríguez's ("Defendant") *Motion to Suppress Evidence* ("*Motion to Suppress*") (Docket No. 460). The *Motion to Suppress* was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.

The R&R recommended that Defendant's *Motion to Suppress* be denied. Defendant timely filed his *Objections to Report and Recommendation (DE 548)* ("*Objection*"). (Docket No. 557). Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." After review of the record, the Court **ADOPTS**[1]**, ACCEPTS,** and **AFFIRMS** the R&R.

---

[1] The Court notes that the R&R incorrectly established that "Defendant contends, not suppressing the evidence in the case at bar would expose him to double jeopardy." (Docket No. 548 at 3). Therefore, the R&R's discussion on whether

Criminal No. 23-353-7(GMM)
Page -2-


Defendant argues that the Commonwealth of Puerto Rico and the United States of America are a single (or the same) sovereign, thus the local court's decision to suppress the evidence "should bind this Honorable Court" pursuant to collateral estoppel principles. (Docket No. 557 at 6; *see also* Docket Nos. 460 at 4; 557 at 5 ("Congress, as the original source of power for both territorial and federal prosecutors, is the 'party' on the side of the prosecution/government.")).

Defendant's argument runs head-on into longstanding First Circuit precedent, since the facts and circumstances of this case are analogous to binding case law. Notably, the First Circuit in United States v. Santiago-Colón, 917 F.3d 43 (1st Cir. 2019) held recently that Puerto Rico's sovereign status as a United States territory "does not determine whether the federal prosecutors are bound by a pretrial suppression order issued by a Puerto Rico court." Santiago-Colón, 917 F.3d at 58 (*quoting* United States v. Bonilla Romero, 836 F.2d 39, 44 (1st Cir. 1987); *see also* United States v. Pérez-Pérez, 72 F.3d 224, 226 (1st Cir. 1995)). Rather, a defendant must show that the federal prosecutors were a party, or were in privity with a party, to the suppression hearing in the Puerto Rico court. *See* Santiago-Colón, 917 F.3d at 61 ("In sum,

---

suppressing the evidence in federal court would expose him to double jeopardy is superfluous. Other than the foregoing, the Court adopts and incorporates by reference into this *Memorandum and Order* the R&R.

Criminal No. 23-353-7(GMM)
Page -3-

what determines if privity exists is whether there was 'a close or significant relationship between the federal and Puerto Rico prosecutors <u>during the local suppression [proceedings] or whether the federal authorities controlled or actively participated [in those proceedings]</u> such as their interests in enforcing federal law were sufficiently represented.'" *quoting* <u>Bonilla Romero</u>, 836 F.2d at 44 (emphasis supplied)); *see also* <u>Santana-Rios v. U.S.,</u> No. 17-1199, 2019 WL 13202902, at *1 (1st Cir. Apr. 1, 2019). Absent a showing of privity between the Puerto Rico and federal prosecuting authorities, collateral estoppel is not applicable, and a federal court is not required to suppress the same evidence that the Puerto Rico court suppressed.

Because Defendant failed to show privity between the two prosecuting authorities, his collateral estoppel argument fails. Defendant's *Motion to Suppress* is **DENIED**. The Court will not deviate from <u>Santiago-Colón</u>.

IT IS SO ORDERED.

In San Juan, Puerto Rico, June 4, 2024.

<u>s/Gina R. Méndez-Miró</u>
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE